# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| John and Kellie Arends | Bankruptcy No. 12-09843 |
| Debtors. | Honorable Bruce W. Black |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, June 19, 2015, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall Building at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the Trustee's First and Final Application for Compensation and Reimbursement of Expenses of His Counsel, FactorLaw, a copy of which is attached hereto and herewith served upon you.

| | |
|---|---|
| Dated: May 29, 2015 | **Thomas B. Sullivan**, not individually but solely as the chapter 7 trustee of the bankruptcy estate of John and Kellie Arends |
| | By: */s/ Ariane Holtschlag* <br> One of his attorneys |

Zane Zielinski (6278776)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00033485}

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on May 29, 2015, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Trustee's First and Final Application for Compensation and Reimbursement of Expenses of His Counsel, FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all creditors that have timely filed claims as listed on the Service List below.

/s/ Ariane Holtschlag

**Registrants**
(Service via ECF)

- **Alyssa A Davis**   ndil@geracilaw.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Thomas B Sullivan**   tsullivan@wfactorlaw.com, IL19@ecfcbis.com;gsullivan@ecf.inforuptcy.com

**Non-Registrants**
(Service via U.S. Mail)

John and Kellie Arends
24461 Moorman Avenue
Channahon, IL 60410

AmeriCredit Fin. Services, Inc.
PO Box 183853
Arlington, Texas 76096

Rjm Acquisitions Llc
575 Underhill Blvd, Suite 224
Syosset, NY 11791

Portfolio Recovery Associates LLC
PO Box 41067
Norfolk VA 23541

Capital One Bank (USA), N.A.
American InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083

FORD MOTOR CREDIT
FREEDMAN ANSELMO
LINDBERG LLC
1807 WEST DIEHL ROAD #333
NAPERVILLE, IL 60563

American InfoSource LP agent for
US Cellular
PO Box 248838
Oklahoma City, OK 73124-8838

Creditors Collection Bureau, Inc.
755 Almar Pkwy
Bourbonnais, IL 60914

{00033485}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| John and Kellie Arends | Bankruptcy No. 12-09843 |
| Debtors. | Honorable Bruce W. Black |

**TRUSTEE'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF HIS COUNSEL, FACTORLAW**

Thomas B. Sullivan, not individually, but as Chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of John and Kellie Arends (the "*Debtors*"), hereby submits his first and final application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $2,430.00 for legal services performed by the Law Office of William J. Factor d/b/a/ FactorLaw ("*FactorLaw*"), counsel to the Trustee, during the period of August 2, 2013 through and including May 29, 2015, (the "*Application Period*") and reimbursement of expenses totaling $53.66 incurred in connection with those services. In support of its Application, FactorLaw respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4.  The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 13, 2012 (the "*Petition Date*").

5.  Thomas B. Sullivan is the duly appointed and qualified trustee.

6.  On or about December 8, 2010, Kellie Arends was involved in an automobile accident giving rise to a claim for personal injury against the Defendants (the "*Claim*").

7.  On or about December 8, 2010, Mrs. Arends was on her way to work at approximately 6:29 am. Mrs. Arends was in the left lane of eastbound traffic on Route 30 and came to a stop at the intersection of Gougar Road, in the City of New Lenox, County of Will and State of Illinois. As she approached the intersection, her traffic light was red, so she came to a complete stop, and was the first vehicle in line. As Mrs. Arends was stopped waiting for the traffic light to change to green, she observed two cars and a semi-truck in the oncoming westbound Route 30 traffic lane waiting to make a left-turn onto southbound Gougar Road. The semi-truck that Mrs. Arends could see was not the semi-truck that ultimately struck her, meaning that Defendant Lyle Fillmore, was at least two car lengths and one full semi-truck and tractor length from the intersection of Route 30 and Gougar Road.

8.  When Mrs. Arends' light changed from red to green, she waited 2-4 seconds before proceeding into the intersection to ensure the intersection was clear. Mrs. Arends then saw the Lyle Fillmore's semi-truck approaching the intersection in the oncoming turn lane. Mrs. Arends believed the truck was going to stop in light of the solid green light. Consequently, Mrs. Arends continued her path of travel through the intersection and was almost completely through the intersection when she was struck in her rear driver's side quarter panel by Lyle Fillmore's truck. Mrs. Arends' vehicle was pushed through the intersection and into the right hand lane. Mrs. Arends ultimately incurred approximately

$188,951.37 in medical expenses, and also underwent a single level lumbar fusion.

9. Prior to the Petition Date Mrs. Arends retained Jason M. Whiteside to represent her in pursuing the Claim.

10. The employment of Jason M. Whiteside was approved by this Court on June 1, 2012. *See* Dkt. No. 18.

11. Since then Jason M. Whiteside has pursued the Claim on behalf of the Estate.

12. On September 19, 2014, this Court entered an order approving the settlement of the Claim for $250,000. *See* Dkt. No. 28.

13. On February 6, 2015, this Court authorized the Trustee to pay certain medical liens, the Debtor's exemption and special counsel's fees and expenses. *See* Dkt. No. 30.

14. This Application seeks allowance of all fees and expenses incurred by FactorLaw during the Application Period.

## FEE APPLICATION

15. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I. Services Performed**

*A. Settlement* *$1,225.00*

16. FactorLaw spent 4.9 hours at a cost of $1,225.00 on issues related to settling the Claim with Zurich American Insurance Company, Lyle D. Fillmore, LaValle Transportation, Inc., Giant Eagle Express, LLC,

{00033485}

Case 12-09843    Doc 32    Filed 05/29/15    Entered 05/29/15 16:32:33    Desc Main
                           Document      Page 6 of 10

and Express Logistics Systems, Inc. including reviewing and revising the proposed settlement agreement and related release.

    B. *Claims*          *$930.00*

17.    FactorLaw spent 3.6 hours at a cost of $930.00 reviewing and ensuring proper payment of outstanding medical liens.

    C. *Administrative*          *$600.00*

18.    FactorLaw spent 2.4 hours at a cost of $600.00 on matters relating to the general administration of the case including liaising with special counsel and debtor's counsel regarding case progression and resolution as well as preparation of this Application.

## II.   Attorneys Providing Services for this Estate

19.    Zane L. Zielinski (ZZ) is a partner at FactorLaw.  Prior to attending law school, Mr. Zielinski worked for Chicago Title and Trust Company. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law, real estate law, and has represented trustees, debtors and creditors in bankruptcy cases. Mr. Zielinski has been involved in the day-to-day representation of the Trustee.

20.    Ariane Holtschlag (AH) is an associate at FactorLaw.  Ms. Holtschlag is a 2007 graduate of the University of Iowa College of Law. Ms. Holtschlag specializes in bankruptcy law and routinely represents trustees, debtors and creditors in bankruptcy cases.

## III.   Calculation of Time and Fees

21.    On July 23, 2013, the Trustee filed his application to substitute William J. Factor and FactorLaw as Counsel to the Trustee. *See* Dkt. No. 22.  The application was granted on August 2, 2015. *See* Dkt. No. 23.

22.  This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

23.  FactorLaw's professionals spent a total of 9.6 hours providing necessary legal services for the Trustee. As a result, FactorLaw requests compensation in the amount of $2,430.00 for actual, necessary legal services performed. Additionally, FactorLaw incurred expenses of $53.66 for actual, necessary expenses incurred in representing the Trustee during the Application Period.

24.  FactorLaw maintains contemporaneous written records of the time expended by its professionals and expenses incurred. Copies of such records for this Case are grouped and attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

25.  The hourly rates charged are the regular hourly rates charged by the firm to its clients. The average hourly rate is $253.13.

26.  FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses.

27.  FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

28.  No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

29.  No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

{00033485}

30. Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

31. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

32. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

33. The Seventh Circuit has mandated that an "attorney's actual billing rate ... is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

34. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

35. The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $253.13. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE

36. Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application (without exhibits) was served on all creditors that have timely filed claims, the U.S. Trustee, and the Debtor's attorney.

## CONCLUSION

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order: a) allowing FactorLaw compensation for actual, necessary

{00033485}

legal services in the amount of $2,430.00; b) allowing FactorLaw reimbursement of actual, necessary expenses in the amount of $53.66; c) authorizing the Trustee to pay FactorLaw's compensation and expense reimbursement; and d) granting such other relief as the Court deems just and equitable.

Dated: May 29, 2015

**Thomas B. Sullivan**, not individually but solely as the chapter 7 trustee of the bankruptcy estate of John and Kellie Arends

By: */s/ Ariane Holtschlag*
One of his attorneys

Zane Zielinski (6278776)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00033485}